# EXHIBIT B

At Part ~~KPP~~ of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York, on the 21 day of June, ~~2020.~~ 2022

PRESENT: KNIPEL
HON. ~~MIRIAM PARTNOW~~
Justice.

-----------------------------------------------------------X

EMIGRANT FUNDING CORPORATION,

                  Plaintiff,

- against -

KENSINGTON REALTY GROUP CORP.;
VICTORIA STENNETT-BAILEY;
LAW OFFICES OF ALAN WEINREB PLLC;
NEW YORK CITY DEPARTMENT OF HOUSING,
  PRESERVATION AND DEVELOPMENT;
NEW YORK CITY DEPARTMENT OF FINANCE;
STATE OF NEW YORK DEPARTMENT OF
  TAXATION AND FINANCE;
NEW YORK CITY ENVIRONMENTAL CONTROL
  BOARD;
CRIMINAL COURT OF THE CITY OF NEW YORK
  (KINGS);
LORRAINE BARRETT; TROY BARRETT;
WENDY JOHNSON; LORY CASSEUS;
MARIE DHATI; LATRINA ROBERTS;
"JOHN" BENNERSON; MARION BENNERSON;
NEVILLE LINTON; LORI ALLEYNE;
VERONICA POTTER; BERNICE VIKEUS;
GUARDLING CASSEUS;
MARY BULLARD; FREDZER CASSEUS;
MARUA BAGOT; RODNEY JEAN;

                  Defendants.
-----------------------------------------------------------X

MS# 12

**JUDGMENT OF FORECLOSURE AND SALE**

Index No. 15896/11

Foreclosure of:
109 Amersfort Place and
2408 Clarendon Road,
Brooklyn, New York

Block 7556; Lot 31 and
Block 5190; Lot 3

On the Summons, Verified Complaint filed on July 14, 2011 and Notice of Pendency duly filed in this action on the 19th day of September, 2011, and refiled on the 11th day of December, 2015, and the 8th day of July, 2019, the Order of Summary Judgment and

Appointing Referee dated July 31, 2014, and all proceedings thereon, and on reading and filing the Affirmation of Douglas J Bohn, Esq., counsel for plaintiff, dated the May 21, 2021, from which it appears that each of the defendants herein have been duly served with the Summons and Complaint in this action, or have voluntarily appeared personally or by their respective attorneys, and stating that more than the legally required number of days had elapsed since said defendants were so served and/or appeared; and that none of the defendants had served any answer to said Complaint, nor had their time to do so been extended except for Kensington Realty Group Corp. and Victor Stennett-Bailey who filed Answers, and that the Complaint herein and Notice of Pendency containing all the particulars required to be stated therein was duly filed in the Office of the Clerk and have not been amended to add new parties or to embrace real property not described in the original Complaint, and a Referee having been duly appointed to compute the amount due to the plaintiff upon the bond/note and mortgage set forth in the Complaint and to examine and report whether the mortgaged premises can be sold in parcels,

AND, on reading the report of Jeffrey Miller, Esq., the Referee named in said Order of Summary Judgment and Appointing Referee, by which Report, dated the May 10, 2021, attached hereto, it appears that the sum of $3,357,340.87 was due as of March 31, 2021, and that the mortgaged premises should be sold in one parcel,

NOW, upon proof of due notice of this application upon all parties who had not waived the same, and upon proof of service of the Order of Summary Judgment and Appointing Referee as provided therein, now

ON MOTION of Cullen and Dykman LLP, attorneys for the plaintiff, it is

ORDERED, that the motion is granted; and it is further

ORDERED, ADJUDGED AND DECREED, that the said Report of Jeffrey Miller, Esq., dated May 10, 2021 be, and the same is hereby to the extent provided for herein ratified and confirmed; and it is further

ORDERED, ADJUDGED AND DECREED, that the above-described mortgaged premises or such part thereof as may be sufficient to discharge the mortgage debt, the expenses of the sale and the costs of this action as provided by the Real Property Actions and Proceedings Law be sold, in one parcel, at public auction in Room 224 of Kings County Supreme Court, 360 Adams Street, Brooklyn, New York 11201, on a Thursday afternoon at 2:30 P.M., by and under the direction of Jeffrey Miller, Esq. who is hereby appointed Referee for that purpose, that the said Referee shall set the date of sale and give public notice of the time and place of sale in accordance with RPAPL 231 in __Brooklyn Eagle__, and it is further

ORDERED, ADJUDGED AND DECREED that said Referee shall accept at such sale the highest bid offered by a bidder, who shall be identified upon the court record, and shall require that such successful bidder immediately pay to the Referee in cash or certified or bank check payable to such Referee, ten percent of the sum bid and shall execute Terms of Sale for the purchase of the premises, unless such successful bidder is the plaintiff herein, in which case, no deposit against the purchase price shall be required, and it is further

ORDERED, ADJUDGED AND DECREED that in the event that the first successful bidder fails to immediately pay the ten percent deposit as provided herein or fails to execute the Terms of Sale immediately following the bidding upon the subject property, the property shall thereafter immediately, on the same day, be reoffered at auction, and it is further

3

ORDERED, ADJUDGED AND DECREED that the closing of title shall take place at the office of the Referee or at such other location as the Referee shall determine within forty five days after such sale unless otherwise stipulated by all parties. The Referee shall transfer title only to the successful bidder at the auction. Any delay or adjournment of the closing date beyond forty-five days may be stipulated among the parties, with the Referee's consent, up to ninety days from the date of sale, but any adjournment beyond ninety days may be set only with the approval of this Court, and, it is further

ORDERED, ADJUDGED AND DECREED that the Referee deposit all funds received pursuant to this Order in his/her own name as Referee in _____ *any* _____ Bank within the City of New York, and it is further

ORDERED, ADJUDGED AND DECREED that said Referee on receiving the proceeds of such sale shall forthwith pay therefrom:

**FIRST**: The statutory fees and commissions of said Referee pursuant to CPLR § 8003 (b) which shall not exceed ~~$500~~ $750 unless the sale price (the amount of the accepted bid) exceeds $50,000. In the event the sale price exceeds fifty thousand dollars and additional compensation (including commissions) in excess of ~~$500~~ $750 ~~is~~ sought pursuant to CPLR § 8003(b), and if no surplus monies are produced by the sale, the parties may present a stipulation, signed by the Referee and all parties appearing, agreeing to a stated sum, to be so-ordered by the Court. Where surplus monies will be available following distribution of sums as provided herein, or where the parties are unable to agree to the Referee's proper compensation under CPLR § 8003 (b), application shall be made to this Court on notice to all parties known to be entitled to claim against any surplus monies, including the defaulting

4

owner of the equity of redemption. Such application shall be promptly submitted to the Court within five days of the transfer of the deed and prior to filing the Report of Sale. The five day period for payment of surplus money into Court as set forth in RPAPL § 1354(4), and the thirty day period set forth in RPAPL § 1355 for the filing of the Report of Sale shall be deemed extended pending the decision of the Court regarding such application.

In the event a scheduled sale is cancelled or postponed, pursuant to CPLR § 8003(a), plaintiff shall compensate the Referee in the sum of $250.00 for each adjournment or cancellation unless the Referee has requested the delay. Such compensation may be recouped from the proceeds of sale as a cost to plaintiff. This Order shall constitute the necessary prior authorization for compensation as set forth herein.

No compensation in excess of $750, including compensation authorized pursuant to CPLR § 8003 (a) for computation of the sum due to plaintiff, may be accepted by the Referee without Court approval and compliance with the filing provisions of Section 36.4 of the Rules of the Chief Judge.

**SECOND**: The expenses of the sale, including the cost of advertising as shown on the bills presented and certified by said Referee to be correct, copies of which shall be annexed to the Report of Sale. The Referee shall not be held responsible for the payment of penalties or fees pursuant to this appointment. The Purchaser shall hold the Referee harmless from any such penalties or fees accessed.

**THIRD**: Pursuant to Real Property Actions and Proceedings Law § 1354, in accordance with their priority according to law, taxes, assessments, sewer rents, water rates and any charges placed upon the property by a city agency which have priority over the

foreclosed mortgage, which are liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment.

**FOURTH**: Said Referee shall then pay to the plaintiff or its attorney the sum of $ ~~2100~~.00 for costs and disbursements in this action to be taxed by the Clerk and inserted herein, with interest from the date hereof, [together with an additional allowance of $ 300 hereby awarded to the plaintiff in addition to costs with interest thereon from the date hereof,] and also the sum of $3,357,340.87 the said amount so reported due as aforesaid, together with interest thereon pursuant to the terms of the Note from October 31, 2020, the date the interest was calculated to in said Report, to the date of entry of this Order, and thereafter at the statutory post-judgment rate to the date of transfer of title, or so much thereof as the purchase money of the mortgaged premises will pay of the same, together with $ 4500 hereby awarded to the plaintiff as reasonable legal fees, together with any advances as provided for in the note and mortgage which plaintiff may have made for taxes, insurance, principal and interest and any other charges due to prior mortgages or to maintain the premises pending consummation of this foreclosure sale, not previously included in the computation, upon presentation to the Referee of receipts for said expenditures, all together with interest thereon pursuant to the note and mortgage as above provided. Copies of such receipts shall be annexed to the Referee's Report of Sale. Plaintiff shall timely move to confirm the Referee's Report of Sale pursuant to RPAPL § 1355, and it is further

ORDERED, ADJUDGED AND DECREED that in case the plaintiff be the purchaser of said mortgaged premises at said sale, said Referee shall not require the plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver only to the plaintiff a deed of the premises sold upon the payment to said Referee of the sum awarded to him or her

under the above provisions marked "FIRST", "SECOND", and "THIRD" if such expenses were paid by the Referee, or in lieu of the payment of said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing payment thereof. The balance of the amount bid, after deducting therefrom the aforementioned payments to the Referee for compensation and expenses, taxes, assessments, sewer rents, water rates, and priority liens of a city agency, shall be allowed to the plaintiff and applied by said Referee upon the amounts due to the plaintiff as specified in item marked "FOURTH". If upon so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to the plaintiff, the plaintiff shall pay to the said Referee, upon delivery to plaintiff of said Referee's deed, the amount of such surplus [which shall be applied by the Referee, upon motion made pursuant to RPAPL § 1351(3) and proof satisfactory to the Referee of the sums due thereon, to any subordinate mortgage duly recorded against the property, pursuant to RPAPL § 1354 (3), which payment shall be reported in the Referee's Report of Sale.] Any surplus remaining after all payments as herein provided shall be deposited into Court in accordance with RPAPL § 1354 (4) and the Referee shall immediately give notice of such surplus to the owner of the mortgaged premises as identified by plaintiff at the time of the sale, and it is further

ORDERED, ADJUDGED AND DECREED that said Referee take the receipt of the plaintiff or plaintiff's attorney for the amounts paid as hereinbefore directed in item marked "FOURTH", and file it with his/her Report of Sale, that he/she deposit the surplus monies, if any, with the Kings County Clerk within five days after the same shall be received unless such period be deemed extended by the filing of an application for additional compensation as set forth herein, to the credit of this action, to be withdrawn only upon order of the Court,

signed by a Justice of the Court; that said Referee make his/her Report of such Sale under oath showing the disposition of the proceeds of the sale, accompanied by the vouchers of the persons to whom payment was made, and file it with the Kings County Clerk, with a copy to the Chambers of the Appointing Justice, within thirty days after completing the sale and executing the proper conveyance to the purchaser or within thirty days of the decision of the court with respect to any application for additional compensation; and it is further

ORDERED, ADJUDGED AND DECREED, that if the proceeds of such sale be insufficient to pay the amount reported due to the plaintiff with interest and costs as aforesaid, the plaintiff may recover of the defendants Kensington Realty Group Corp. and Victoria Stennett-Bailey the whole deficiency or so much thereof as the Court may determine to be just and equitable of the residue of the mortgaged debt remaining unsatisfied after the sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by Section 1371 of the Real Property Actions and Proceeding Law within 90 days of the delivery of the deed by the Referee, and the amount thereof is determined and awarded by an order of this Court as provided for in said action; and it is further

ORDERED, ADJUDGED AND DECREED, that the purchaser or purchasers at such sale be let into possession on production of the Referee's deed or deeds; and it is further

ORDERED, ADJUDGED AND DECREED, that each and all of the defendants in this action, and all persons claiming under any of them after the filing of such Notice of Pendency of this action, be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said mortgaged premises and each and every part thereof; and it is further

ORDERED, ADJUDGED AND DECREED, that said premises is to be sold in one parcel in "as is" physical order and condition on the day of sale, subject to any state of facts that an inspection of the premises would disclose, any state of facts that an accurate survey of the premises would show, any covenants, restrictions, declarations, reservations, easements, right of way and public utility agreements of record, any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of same, any rights of tenants or persons in possession of the subject premises, prior liens of record, if any, except those liens addressed in section 1354 of the Real Property Actions and Proceedings law, and any equity of redemption of the United States of America to redeem the premises within 120 days from the date of sale. Risk of loss shall not pass to purchaser until closing of title; and it is further

ORDERED, that in Absence of the Referee, the Court may designate a Substitute Referee forthwith; and it is further

ORDERED, that the Referee appointed herein is subject to the requirements of Rule 36.2(c) of the Chief Judge, and if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall notify the Appointing Judge forthwith; and it is further

ORDERED, that a copy of this Judgment with Notice of Entry shall be served upon the designated Referee, the owner of the equity of redemption as of the date of this Order, any tenants named in this action and any other party entitled to notice within twenty days of entry and no less than thirty days prior to sale; and it is further

ORDERED, that the Plaintiff shall serve a copy of the Notice of Sale upon the Owner of Equity of Redemption at both his/her last known address and the property address

(affidavit of such service shall be presented to the Foreclosure Clerk on or before the auction sale) and upon the Foreclosure Department at least ten (10) days prior to the scheduled sale.

ENTER:

_____ J.S.C.

HON. Lawrence Knipel J.S.C.

Nancy T. Sunshine

NANCY T. SUNSHINE
Clerk

FILED
KINGS COUNTY CLERK
2022 JUL -6 AM 10:26

*S. EOULE A, 1 OF 2*

Title Number: SAK-4200

Block 5190    Lot 3
2408 Clarendon Road, Brooklyn

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the southerly side of Clarendon Road, distant 40 feet easterly from the corner formed by the intersection of the southerly side of Clarendon Road with the easterly side of Bedford Avenue;

RUNNING THENCE southerly parallel with Bedford Avenue and part of the distance through a party wall, 100 feet;

THENCE easterly parallel with Clarendon Road, 40 feet;

THENCE northerly parallel with Bedford Avenue, 100 feet to the southerly side of Clarendon Road; and

THENCE westerly along the southerly side of Clarendon Road, 40 feet to the point or place of BEGINNING.

*Apartment Building*

SCHEDULE A
2 of 2

Title Number: SAK-4200  Block 7556 Lot 31
109 Amersfort Place, Brooklyn

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, known and designated on a certain map entitled, "Addition No. 5 of Vanderveer Park, belonging to Germania Real Estate and Improvement Company situate partly in the former Town of Flatbush and partly in the former Town of Flatlands, Kings County, New York", surveyed October 1893 by Charles Crooke, Civil Engineer and Surveyor, 200 Joralemon Street, Brooklyn, N.Y. and filed December 4th, 1895 in the Office of the Register of the County of Kings as and by Lot No. 3633 in Block No. 73, which said Lot according to said Map is bounded and described as follows:

BEGINNING at a point on the easterly side of Amersfort Place (formerly the Turnpike between Flatlands and Flatbush), where the same would be intersected by a line drawn parallel with the southeasterly side of Avenue G, and distant one hundred (100) feet southeasterly therefrom at right angles;

RUNNING THENCE northeasterly parallel with the southeasterly side of Avenue G, one hundred and fifteen (115) feet to the northwesterly corner of Lot No. 3586 on said Map;

THENCE southeasterly along rear of Lot No. 2586 and parallel with Kenilworth Place, Twenty (20) feet to the southwesterly corner of Lot No. 3586 on said Map;

THENCE southwesterly along the northwesterly side of Lot No. 3632 and parallel with the southeasterly side of Avenue G and part of the distance through a party wall, One hundred and nineteen (119) feet to the easterly side of Amersfort Place (formerly the Turnpike between Flatlands and Flatbush);

THENCE northerly along the easterly side of Amersfort Place, Twenty and forty one-hundredths (20.40) feet to the point and place of BEGINNING.

FILED: KINGS COUNTY CLERK 07/06/2022 10:30 AM
NYSCEF DOC. NO. 88
NYSCEF DOC. NO. 15

INDEX NO. 15896/2011
INDEX NO. 15896/2011
RECEIVED NYSCEF: 07/06/2022
RECEIVED NYSCEF: 05/24/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
EMIGRANT FUNDING CORPORATION,

          Plaintiff

 - against -

KENSINGTON REALTY GROUP CORP.;
VICTORIA STENNETT-BAILEY;
LAW OFFICES OF ALAN WEINREB PLLC;
NEW YORK CITY DEPARTMENT OF HOUSING,
 PRESERVATION AND DEVELOPMENT;
NEW YORK CITY DEPARTMENT OF FINANCE;
STATE OF NEW YORK DEPARTMENT OF
 TAXATION AND FINANCE;
NEW YORK CITY ENVIRONMENTAL CONTROL
 BOARD;
CRIMINAL COURT OF THE CITY OF NEW YORK
 (KINGS);
LORRAINE BARRETT; TROY BARRETT;
WENDY JOHNSON; LORY CASSEUS;
MARIE DHATI; LATRINA ROBERTS;
"JOHN" BENNERSON; MARION BENNERSON;
NEVILLE LINTON; LORI ALLEYNE;
VERONICA POTTER; BERNICE VIKEUS;
GUARDLING CASSEUS;
MARY BULLARD; FREDZER CASSEUS;
MARUA BAGOT; RODNEY JEAN;

          Defendants.
-----------------------------------------------------------------X

COSTS OF,
PLAINTIFF

Index No. 15896/11

*Costs at $ 200.00*
*This 6 day of July 2022*
*Nancy T. Sunshine*
*Clerk of Court Kings County*

FILED KINGS COUNTY CLERK 2022 JUL -6 AM 10: 26

## COSTS

| | |
|---|---|
| Costs before note of issue CPLR §8201 subd. 1 .................................................................... | $ 200.00 |
| Motion costs CPLR 8202 | |
| Allowance by Statute CPLR 8302(a)(b) ................................................................................... | |
| Percentage on $_____ at 10% (not exceeding $200.00) ........................................ | 20.00 |
| Additional $_____ at 5% (not exceeding $800.00) ............................................... | 40.00 |
| Additional $_____ at 2% (not exceeding $2,000.00) ............................................ | 40.00 |
| Additional $_____ at 1% (not exceeding $5,000.00) ............................................ | 50.00 |
| Additional allowance CPLR 8302(d) ....................................................................................... | 50.00 |
| COSTS ....................................................................... | $ 400.00 |

## DISBURSEMENTS

| | |
|---|---|
| Fee for Index Number CPLR 8018(1) 8301(a)(12) | 400.00 |
| Clerk's filing notice of pendency CPLR 8021(a) 10 8301(a)(12) | 70.00 |
| Paid for searches CPLR 8301(a)10 | ~~869.00~~ 300.00 |
| Serving copy summons and complaint CPLR 8011(c)1 8301(d) | ~~2,470.00~~ 485.00 |
| Paid referee's report CPLR 8301(a) 8003(a)(1) | ~~500.00~~ 350.00 |
| Postage CPLR 8301(a)12 | 15.00 |
| Sheriff's fees on execution CPLR 8011(b) 8012 | |
| Fees for publication CPLR 8301(a)3 | |
| Request for Judicial Intervention CPLR 8020(a) | ~~95.00~~ |
| motion fees — $80.00 | |
| DISBURSEMENTS | ~~$4,419.00~~ $1,700.00 |
| TOTAL | ~~$4,819.00~~ $2,100.00 |

STATE OF NEW YORK  )
                   )  ss.:
COUNTY OF NASSAU   )

### Attorney's Affirmation

The undersigned **admitted to practice in the Court of this State** affirms that affirmant is a Partner with Cullen and Dykman LLP, the attorneys of record for plaintiff in the above entitled action and that the foregoing disbursements have been or will necessarily be made or incurred in this action and are reasonable in amount; and that copies of documents or papers as charged herein were actually and necessarily obtained for use.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated: May 21, 2021

Douglas J. Bohn