# EXHIBIT D

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re

    KENSINGTON REALTY GROUP CORP.,         Case No. 1-22-42817-ess

                  Debtor.                                   Chapter 11

---------------------------------------------------------------X

**INTERIM ORDER AUTHORIZING DEBTOR'S USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND PROVIDING ADEQUATE PROTECTION THEREFOR PURSUANT TO §§ 361 AND 362 AND DIRECTING RECEIVER TO TURNOVER RENTS AND PROVIDE AN ACCOUNTING**

Upon the Motion (the "Motion"), dated November 16, 2022, of Kensington Realty Group Corp. ("Debtor"), the debtor and debtor-in-possession in the above-captioned Chapter 11 case, by its attorneys, Bronster, LLP, seeking the entry of an order: (i) pursuant to Section 543 of title 11 of the United States Code (the "Bankruptcy Code"), directing Lawrence Price of Corme Accounting, Tax, and Fiduciary Consultants LLC ("Receiver"), the state court appointed receiver with respect to Debtor's real properties located at Amersfort Place (the "Amersfort Property"), Brooklyn, New York and 2408 Clarendon Road, Brooklyn, New York (the "Clarendon Property," and together with the Amersfort Property, the "Properties"), to turnover any and all rents and other funds in his possession, custody, and control that constitute property of the bankruptcy estate, and to file an accounting of any property of the debtor, or proceeds, product, offspring, rents, or profits of such property, that, at any time, came into his possession, custody, or control; (ii) authorizing Debtor's use of cash collateral pursuant to 11 U.S.C. § 363(c)(2) and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") on an interim basis and providing adequate protection therefor pursuant to 11 U.S.C. §§ 361 and 362, and scheduling a final hearing on use of cash collateral, and the Court having reviewed the

Motion and the papers submitted in connection therewith and the other filings and pleadings in this chapter 11 case; and a hearing (the "Interim Hearing") having been held on December 2, 2022 to consider the relief sought in the Motion, including the interim relief, and notice of the Interim Hearing having been given in accordance with Bankruptcy Rules 2002, 4001, and 9014; and the Interim Hearing to consider the interim relief and other relief requested in the Motion having been held and concluded; and all objections, if any, to the relief in the Motion having been withdrawn, resolved, or overruled by the Court; and it appearing to the Court that granting the relief set forth herein is necessary to avoid immediate and irreparable harm, is otherwise fair and reasonable and in the best interest of Debtor, its estate, and its creditors and equity holders, and essential for the continued operation of Debtor's business; and after due deliberation and consideration, and for good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED:**

1. Pursuant to Section 543 of the Bankruptcy Code, Receiver is directed to immediately turnover to Debtor all property of Debtor including documents, leases, rents, and security deposits belonging to the tenants of Debtor with respect to the Properties, and to submit an accounting to this Court and Debtor with respect to his receivership.

2. Debtor is authorized to use Cash Collateral subject to the terms of this Order, on an interim basis, which collectively constitute adequate protection for that use, in an aggregate amount up to but not in excess of the actual anticipated cash needs of the Debtor, from the Petition Date through the Final Hearing (the "Cash Collateral Period"), which amount shall not exceed by more than 10% the amount set forth in the budget annexed hereto (the "Budget") for such Cash Collateral Period. At the Final Hearing, the Court will consider Debtor's request to continue to use Cash Collateral.

3. Except as otherwise provided herein, all of the terms and provisions of the underlying mortgage and loan documents between Debtor and Emigrant Funding Corporation ("Emigrant") are deemed to be valid, binding and enforceable against Debtor as if same had been re-executed by Debtor and Emigrant, subject to further order of the Court and subject to all claims and defenses, if any, that Debtor had as of the Filing Date.

4. In addition to the existing rights and interests of Emigrant and for the purpose of adequately protecting Emigrant from diminution of its collateral, Emigrant is hereby granted a replacement lien (the "Replacement Lien") in the Cash Collateral, to the extent that said liens were valid, perfected and enforceable as of the Filing Date and in the continued order of priority as existed on the Filing Date without determination of the nature, extent, and validity of said pre-petition lien and claim, and only to the extent collateral diminution occurs during the Chapter 11 case, subject to: (a) United States Trustee fees, if any; (b) the fees and expenses of the Subchapter V trustee; (c) professional fees of duly retained professionals in this Chapter 11 case as may be awarded pursuant to Sections 330 or 331 of the Bankruptcy Code; (d) the fees and expenses of a hypothetical Chapter 7 trustee to the extent of $10,000.00; and (d) the recovery of funds or proceeds from the successful prosecution of avoidance actions pursuant to Sections 502(d), 544, 545, 547, 548, 550, and/or 553 of the Bankruptcy Code ("Avoidance Actions") (collectively, the "Carve-Outs").

5. As additional adequate protection for Debtor's use of Cash Collateral, upon Debtor regaining control over the rents from the Receiver, Debtor shall pay to Emigrant the pre-default contractual monthly mortgage payments.

6. In the event Debtor defaults or violates this Order, Emigrant shall be entitled to request a hearing within five (5) business days to seek relief, including, but not limited to, relief

from the automatic stay.

7. The Replacement Lien and security interest granted herein are automatically deemed perfected upon entry of this Order without the necessity of Emigrant having to take possession, file financing statements, mortgages or other typical security documents. Although not required, upon request by Emigrant, Debtor shall execute and deliver any and all UCC financing statements, continuation statements, or other instruments or documents considered necessary in order to perfect the security interests and liens in Debtor's post-petition collateral and proceeds granted by this Order, and Emigrant shall be authorized to receive, file and record the foregoing at its own expense, which actions shall not be deemed a violation of the automatic stay.

8. The security interest and lien herein granted: (i) are and shall be in addition to all security interests, liens and rights of set-off existing in favor of Emigrant on the Filing Date; (ii) shall secure the payment of the indebtedness to Emigrant in an amount equal to the aggregate collateral diminution resulting from the Cash Collateral used or consumed by Debtor; and (iii) shall be deemed to be perfected without the necessity of any further action by Emigrant or Debtor.

9. The findings contained in this Order are binding upon Debtor and all parties in interest (including but not limited to any statutory committee appointed in the Chapter 11 case), and any application of Cash Collateral under this order shall be indefeasible, unless (a) an action challenging the validity, enforceability or priority of the Cash Collateral, related liens, the Debtor's obligations under its loan documents with Emigrant (the "Pre-petition Obligations"), the Replacement Lien, or the pre-petition liens as they relate to Cash Collateral is properly commenced no later than ninety (90) days from the entry of a final Order or an extension of such

time is obtained, or is granted by the Court for cause, and (b) a final order is entered in favor of the plaintiff or movant in any such timely and properly filed adversary proceeding or contested matter. If no such adversary proceeding or contested matter is properly commenced as of such date, the Cash Collateral and Pre-Petition Obligations shall constitute allowed claims for all purposes in the Chapter 11 case and any subsequent Chapter 7 case, the Replacement Lien ad pre-petition liens shall be deemed legal, valid, binding, perfected, not subject to subordination and otherwise unavoidable, and the Cash Collateral, the Pre-Petition Obligations, the Replacement Lien, and the pre-petition liens shall not be subject to subordination, avoidance, or any other further challenge by any party in interest seeking to exercise the rights of Debtor's estate, including, without limitation, and successor(s) thereto, subject, however, to valuation for purposes of Sections 506(a) and (b) and 1129 of the Bankruptcy Code. If any such action is properly commenced, the Bankruptcy Court shall determine the validity, enforceability, and priority of the Cash Collateral, the Pre-Petition Obligations, the Replacement Lien, and the pre-petition liens, but only with respect to and to the extent of the objections raised in such adversary proceeding or contested matter, and all other matters and objections not raised in such adversary proceeding or contested matter shall be deemed forever waived.

10. To the extent that the terms of this Order conflict with the terms of any of the loan documents, the terms of this Order shall govern.

11. The provisions of this Order shall remain in full force and effect unless modified or vacated by a subsequent order of this Court.

12. The Bankruptcy Court shall retain jurisdiction with respect to all matters pertaining to this Order.

13. The Debtor's authorization to use Cash Collateral and Emigrant's consent thereto,

shall immediately terminated without further Order on the earlier of: (a) _____, 2023, at 5:00 p.m. EDT; (b) the entry of and order granting any party relief from the automatic stay with respect to any property of the Debtor in which Emigrant claims a lien or security interest, whether pursuant to Order or otherwise; (c) the entry of an order dismissing this Chapter 11 case or converting the case to one under Chapter 7 of the Bankruptcy Code; (d) the entry of an order confirming a plan of reorganization; or (e) the entry of an order by which this Order is reversed, revoked, stayed, rescinded, modified or amended without the consent of Emigrant thereto.

14. A final hearing on Debtor's use of Cash Collateral shall be held on _____, 2023 at _____:_____ ____.m., or as soon thereafter as counsel may be heard (the "Final Hearing"), before the Honorable Elizabeth S. Stong, in the United States Bankruptcy Court for the Eastern District of New York, Conrad B. Duberstein U.S. Courthouse, 271-C Cadman Plaza East, Brooklyn, New York 11201, Courtroom 3585. Objections, if any, to the relief requested in Debtor's underlying motion for authority to use Cash Collateral, must be made in writing, filed with the Court on the Court's electronic case filing system at www.ecf.nyeb.uscourts.gov (login and password required) with a copy delivered directly to Chambers and served upon Bronster LLP, proposed attorneys for Debtor, 156 West 56th Street, Suite 902, New York, New York 10019, Attn: J. Logan Rappaport, Esq., lrappaport@bronsterllp.com and so as to be received no later than seven (7) days prior to the Final Hearing.

15. Debtor shall serve a copy of this Order upon (a) the United States Trustee, (b) the Subchapter V Trustee, (c) Emigrant or its counsel, (d) Debtor's taxing authorities, (e) and Debtor's twenty (20) largest unsecured creditors by first class mail within three (3) days of entry of this Order, which shall be deemed good and sufficient service hereof.

Dated: Brooklyn, New York
_____, 2022

_____
HONORABLE ELIZABETH S. STONG
UNITED STATES BANKRUPTCY JUDGE