Exhibit 2



6 EAST 43RD STREET · 10TH FLOOR
NEW YORK, NY 10017
TEL: (212) 850-4880
FAX: (212) 850-4745

February 1, 2022

Via DFS Web Portal
Elizabeth Diamond
New York State Department of Financial Services
Mortgage Assistance Unit
Mortgage Banking Division
One State Street Plaza
New York, NY 10004

      Re:    Case Number BKM-2022-01447802 (Victoria Stennett)
                Borrower: Kensington Realty Group. ("Kensington")
                Secured Properties: 109 Amersfort Place, Brooklyn, NY ("Amersfort Property") &
                                    2408 Calrendon Road, Brooklyn, NY ("Clarendon Property")

Dear Ms. Diamond:

Please accept this letter in response to the referenced complaint filed by Ms. Victoria Stennett.

Ms. Stennett is the President and sole shareholder of Kensington. Ms. Stennett applied for, and received, a <u>commercial loan</u> in the sum of $950,000 from Emigrant Funding Corp. ("Emigrant") where Kensington was the borrower/mortgagor and Ms. Stennett was the guarantor. The loan was secured by the two referenced properties, one of which consists of 16 apartment units. The commercial mortgage loan is due for the November 2010 payment and foreclosure proceedings have been pending since 2011.

The two properties which secure Emigrant's loan are currently valued at less than $2 million; however, as a result of over a decade of contested litigation, Emigrant is owed over $3 million, which includes over <u>$870,000 in out of pocket advances</u> for property taxes, hazard insurance, water/sewer liens, property maintenance, etc.

Ms. Stennett has been asserting unfounded accusations against Emigrant since 2009. For your reference, attached as Exhibit A are several letters issued by Emigrant in response to regulatory complaints, including a 2014 complaint filed by Ms. Stennett with the DFS.

Ms. Stennett has also interposed claims and defenses within Emigrant's foreclosure action and they have all been adjudicated in Emigrant's favor. In fact, the court determined that hazard insurance proceeds should be applied towards the loan's principal balance (see Exhibit B) and that Ms. Stennett's claims and defenses have no merit. Attached as Exhibit C is an Appellate Division Decision and Order affirming the Supreme Court's Summary Judgment Order. At this time, Emigrant's motion for a Judgment of Foreclosure and Sale is pending with the court.

The below facts evidence that Ms. Stennett's allegations are baseless:
- The Amersfort Property was covered by an Allstate hazard insurance policy ("Allstate Policy") for the period of February 2008 through February 2009.

- In June of 2008, Ms. Stennett allowed the Allstate Policy to lapse due to non-payment.
- On October 28, 2008, Emigrant was advised that the day before, the Amersfort Property had been damaged in a fire.
- Emigrant contacted Allstate about the damage and learned that the Allstate Policy was terminated as of June 20, 2008 for non-payment (See Exhibit D).
- Due to the terms of Emigrant's forced place insurance contract, Emigrant was able to obtain a retroactive insurance policy which covered the damage.
- Ms. Stennett has spent over a decade claiming that she had hazard insurance to cover the Amersfort Property when Emigrant obtained its forced place policy even though she knows this is not true. Attached as Exhibit E is a December 26, 2018 Appellate Division Decision and Order affirming the lower court's Summary Judgment Order and finding that Allstate did not have to cover the Amersfort Property fire damage because it properly terminated the Allstate Policy in June of 2008 for nonpayment. Notably, the court pointed to <u>multiple contradictions</u> between Ms. Stennett's sworn statements as compared to her admissions and the evidence presented.
- Furthermore, while Ms. Stennett complains that Emigrant obtained forced place insurance coverage for the Amersfort Property, she conveniently fails to acknowledge that otherwise, there would be no coverage for the fire damage. Instead, Emigrant's forced place policy resulted in the receipt of insurance proceeds exceeding $193,000 which, as noted below, was used to pay down the loan's principal balance.
- Soon after the Amertsfort Property fire, in 2009, Emigrant learned that the Clarendon Property, a four story apartment building with 16 apartment units, had more than 300 HPD violations and was placed in the HPD's Alternative Enforcement Program. Emigrant tried to communicate with Ms. Stennett regarding the violations but received no response (see Exhibit A).
- When Ms. Stennett stopped making loan payments in 2010, the loan was referred to foreclosure.
- Ms. Stennett interposed an Answer within the foreclosure action which included 11 affirmative defenses and 7 counterclaims, including but not limited to, allegations related to the insurance proceeds. A copy of the Answer is attached as Exhibit F.
- The courts considered, and dismissed, all of Ms. Stennett's claims and granted Emigrant summary judgment (see Exhibit C).
- Regarding the issue of what should be done with the insurance proceeds, the court determined that such proceeds should be applied towards the principal balance of the loan (see Exhibit B).
- Emigrant applied the insurance proceeds towards the principal balance of the loan as of the date such proceeds were received. Accordingly, the loan stopped accruing interest for this amount.
- The court also appointed a Receiver (including successor Receivers, collectively the "Receiver") for the Clarendon Property and since 2014, the Receiver has been addressing the hundreds of HPD violations. Despite receipt of rental income, <u>Emigrant has paid over $160,000</u> in connection with property maintenance issues and the receivership appointment, including to help resolve the HPD violations. When the foreclosure is concluded and the Receiver is discharged, he will have to provide an accounting, at which time the court will decide whether to apply any funds on hand to reduce the amount due to Emigrant.

Based on the foregoing, and since the claims interposed by Ms. Stennett have been adjudicated by the courts, we respectfully request that Ms. Stennett's complaint against Emigrant be dismissed in its entirety.

Very truly yours,

Zhanna Kandel
First Vice President & Director of Foreclosure

Cc: Ms. Victoria Stennett
    109 Amersfort Place
    Brooklyn, NY 11226