At an IAS Term **Part 83** of the Supreme Court of the State of New York, held in the County of Kings, at the Courthouse, located at 141 Livingston Street, Brooklyn, New York on the 11th day of June, 2014.

PRESENT: HON. INGRID JOSEPH
ACTING SUPREME COURT JUSTICE

STATE OF NEW YORK
SUPREME COURT: COUNTY OF KINGS

-----------------------------------------------------------X

EMIGRANT FUNDING CORPORATION,

      Plaintiff,

-against-

KENSINGTON REALTY GROUP CORP., VICTORIA STENNETT-BAILEY, LAW OFFICE OF ALAN WENREB PLLC, NEW YORK CITY DEPARTMENT OF HOUSING, PRESERVATION AND DEVELOPMENT, NEW YORK CITY DEPARTMENT OF FINANCE, STATE OF NEW YORK DEPARTMENT OF TAXATION AND FINANCE, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, "JOHN DOE NO. 1" to "JOHN DOE NO. XXX," inclusive, the last thirty names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises described in the complaint,

      Defendants.

-----------------------------------------------------------X

INDEX No. 15896/2011

MORTGAGED PREMISES:
Parcel I:
Block 5190 Lot 3
2408 Clarendon Road
Brooklyn, New York

Parcel II:
Block 7556 Entire Lot
109 Amersfort Place
Brooklyn, New York

    Recitation, as required by CPLR §2219(a), of the papers considered in the review of Plaintiffs' Motion:

| Papers | Numbered |
|---|---|
| Order to Show Cause and Affidavits/Affirmations Annexed............... | 1-2 |
| Cross-Motion and Affidavits/Affirmations............ | 3-4 |
| Answering Affidavits/Affirmations...................... | |
| Reply Affidavits/Affirmations............................. | |
| Other............................................................ | |

In this foreclosure matter for the premises located at 2408 Clarendon Road and 109 Amersfort Place, Brooklyn, New York, defendants Kensington Realty Group Corp. and Victoria Stennett-Bailey move by order to show cause for an order declaring that the plaintiff is obligated to apply insurance

proceeds in the amount of $193,000.00 to the principal balance of the mortgage. The defendants also request that the court toll and forever bar the plaintiff from collecting any interest upon the mortgage loan or charging any related fees.

In support of the motion, the defendants allege that Emigrant caused the default in mortgage payments because it obtained excessive and duplicative insurance that increased the monthly mortgage payments to $9,510.00. The defendants claim that Emigrant received $193,000.00 after a fire occurred at the Amersfort property but refused to apply the money to the principal balance of the loan or release it to cover repair costs. The defendants allege that Emigrant also refused to modify the mortgage and wrongfully accelerated the principal. The defendants argue further that Emigrant acted in bad faith when it exercised its option to apply the default interest rate of 24%, because Emigrant caused the default to occur.

Emigrant claims that it secured its own insurance after the defendants' insurance policy lapsed. Emigrant argues that the insurance proceeds were not released, because the defendants failed to present proof of completed repairs. Emigrant also contends that it was entitled to accelerate the loan and apply the default interest rate due to the defendants' failure to comply with certain provisions contained in the mortgage.

The issue before the court is whether plaintiff caused the defendant's default when it obtained a costly insurance policy for the Amersfort property and refused to turn over the insurance proceeds to cover the cost of repairs.

The general rule is that the mortgagor of property destroyed by fire is entitled only to that portion of the insurance proceeds which exceed the amount of the mortgage debt (*Beets Wal Realty Corp. v New York Property Ins. Underwriting Ass'n*, 260 AD2d 520 [2d Dept 1999]). Subdivision 4 of section 254 of the Real Property Law provides that the mortgagee is not obligated to turn over any money to the mortgagor so long as there exists any default by the mortgagor in the performance of any of the terms or provisions of the mortgage (RPL§ 254(4); *Builders Affiliates, Inc. v North River Ins. Co.*, 91 AD2d 360, 365 [1st Dept 1983]; *Federal Sav. and Loan Ass'n v Herbert Kallen*, Inc., 66 AD2d 793 [2d Dept 1978]). If the mortgagor is not in default, section 254(4) requires that the mortgagor present proof that the damage caused by the fire was repaired before the mortgagee is required to turnover any insurance money.

In this case, sections 21 and 22 of the mortgage agreement enumerates several events of default, including failure to maintain insurance. The defendant acknowledges that Allstate canceled her insurance policy covering the Amersfort property in June 2008. Therefore, in accordance with the terms of the mortgage, Emigrant was entitled to procure its own insurance policy, accelerate payment of the note, and apply the default interest rate of 24% to the unpaid principal balance of the note. Additionally, Emigrants refusal to turn over any of the insurance proceeds to the defendant comports with applicable law. An event of default occurred by the time Emigrant received the insurance proceeds, and the defendant failed to submit proof of actual costs incurred to repair the property.

Accordingly, the defendant's Order to Show Cause is granted to solely to the extent that, it is hereby

ORDERED and DECLARED, that Emigrant Funding Corporation is obligated to apply the insurance proceeds received in connection with the fire that occurred at the Amersfort property to reduce the unpaid principal balance of the note in accordance with the provisions set forth in the mortgage agreement and Section 254 of the Real Property Law.

The defendant shall serve a copy of this order with notice of entry upon plaintiff.

This constitutes the decision and order of the court.

ENTER:

_____
Hon. Ingrid Joseph
Acting Justice, Supreme Court

HON. INGRID JOSEPH
ACTING SUPREME COURT JUSTICE

2014 AUG 19 AM 8:59
KINGS COUNTY CLERK
FILED