# Supreme Court of the State of New York
## Appellate Division: Second Judicial Department

D61676
G/afa

\_\_\_\_AD3d\_\_\_\_

Argued - September 10, 2019

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.

2017-01187

DECISION & ORDER

Emigrant Funding Corporation, respondent,
v Kensington Realty Group Corporation, et al.,
defendants-appellants, et al., defendants.

(Index No. 15896/11)

Davis Ndanusa Ikhlas & Saleem LLP (Law Office of Paul R. Kenney, LLC, New York, NY [Emily Finsterwald], of counsel), for appellants.

Cullen and Dykman LLP, Garden City, NY (Ariel E. Ronneburger and Marianne McCarthy of counsel), for respondent.

In a consolidated action to foreclose a mortgage, the defendants Kensington Realty Group Corporation and Victoria Stennett-Bailey appeal from an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated July 31, 2014. The order, insofar as appealed from, in effect, granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against those defendants and for an order of reference.

ORDERED that the order is affirmed insofar as appealed from, with costs.

On July 20, 2006, the defendant Kensington Realty Group Corporation executed and delivered a mortgage note to the plaintiff promising to repay the principal sum of $950,000. The note was secured by a mortgage upon real properties located at 109 Amersfort Place (hereinafter the Amersfort property) and 2408 Clarendon Road (hereinafter the Clarendon property). The defendant Victoria Stennett-Bailey (hereinafter, together with Kensington Realty Group Corporation, the defendants) executed a personal guaranty of payment on the loan.

In October 2008, a fire destroyed the Amersfort property. At the time, the Amersfort property was not insured as required by the terms of the mortgage. The plaintiff, which had procured forced place insurance for the Amersfort property, received the sum of $193,569.52 from its insurer. Stennett-Bailey requested permission to use the proceeds to repair the property. By letter dated May 22, 2009, the plaintiff offered to allow the use of the funds toward restoration of the Amersfort property, on condition that the defendants enter into a property restoration agreement allowing the plaintiff to disburse the insurance proceeds as work was completed. Additionally, the plaintiff required the defendants to pledge additional collateral to secure their existing obligations under the loan. Stennett-Bailey objected to the conditions, and no agreement for the use of the insurance proceeds was reached and the plaintiff did not release any of the insurance proceeds. It is undisputed that the defendants defaulted on their mortgage obligations on or about November 1, 2010.

The plaintiff commenced this action to foreclose the mortgage on July 14, 2011. The defendants served an answer with counterclaims, to which the plaintiff served a reply. The plaintiff moved, inter alia, for summary judgment on the complaint and for an order of reference. The defendants opposed the motion. By order dated July 31, 2014, the Supreme Court, among other things, consolidated the action with a separate action the plaintiff had commenced against other defendants and, in effect, granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. The defendants appeal.

We reject the defendants' contention that they were deprived of real property without due process of law. The defendants' argument that the Supreme Court failed to consider the affirmation and affidavit they submitted in opposition to the plaintiff's motion is based upon the fact that the court's order failed to recite those papers. However, as the plaintiff argues, there is nothing in the record to suggest that the court declined to consider the defendants' opposing papers. Moreover, although CPLR 2219(a) states that a motion made upon supporting papers shall "recite the papers used on the motion," "the omission of such a recital is not an uncommon irregularity which a party may remedy by seeking resettlement even after an appeal has been taken" (*Singer v Board of Educ. of City of N.Y.*, 97 AD2d 507, 507). We have considered the papers in question in deciding this appeal.

The plaintiff met its prima facie burden of establishing its entitlement to an order of reference by producing the mortgage, the unpaid note, and evidence of default (*see Wells Fargo Bank, N.A. v Gonzalez*, 174 AD3d 555, 556; *Nationstar Mtge., LLC v Medley*, 168 AD3d 959, 960). In opposition, the defendants failed to raise a triable issue of fact. Contrary to the defendants' contention, the plaintiff did not engage in bad faith conduct by refusing to release the insurance proceeds in the absence of the defendants' consent to the proposed property restoration agreement.

Real Property Law § 254(4) states: "If the mortgagor shall notify the mortgagee in writing within thirty days after the fire that the mortgaged premises have been damaged thereby, and shall thereafter make good the damage by means of such repairs, restoration or rebuilding as may be necessary to restore the buildings to their condition prior to the damage, then upon presentation to the mortgagee within three years after the fire of proof that the damage has been fully made good ... the mortgagee, unless he [or she] rejects the proof submitted to him [or her] as insufficient, shall

pay over to the mortgagor so much of said insurance money theretofore received by the mortgagee as does not exceed the lesser of (1) the reasonable cost of such repairs, restoration and rebuilding or (2) the total amount actually paid therefor by the mortgagor, together with the reasonable value of any part of the work done by him [or her]."

"[T]he statute's plain language cannot be read to *require* the mortgagee to advance all or part of the insurance proceeds before repairs have been carried out" (*Fonda v First Pioneer Farm Credit, ACA*, 86 AD3d 693, 694; *see East N.Y. Sav. Bank v Dickey & Lemberg Co.*, 258 AD 889, 889). Accordingly, the plaintiff was entitled to retain the insurance proceeds and disburse them as work on the restoration of the Amersfort property was completed. The defendants' argument that the plaintiff engaged in bad faith by adding conditions to the release of the proceeds after initially agreeing to release them is not properly before this Court, since it is raised for the first time in their reply brief (*see David B. v Millar*, 2 AD3d 763, 764).

The defendants' remaining contention challenging the admissibility of evidence offered by the plaintiff, raised for the first time on appeal, is not properly before this Court (*see Marinkovic v IPC Intl. of Ill.*, 95 AD3d 839, 839).

DILLON, J.P., DUFFY, BARROS and BRATHWAITE NELSON, JJ., concur.

ENTER:

Aprilanne Agostino
Clerk of the Court