UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re:

KENSINGTON REALTY GROUP CORP.,   CASE NO: 22-42817-ESS
                                 CHAPTER 11

                Debtor.

-------------------------------------------------------------X

# STIPULATION BETWEEN THE DEBTOR AND EMIGRANT FUNDING CORPORATION REGARDING DISMISSAL OF BANKRUPTCY PROCEEDING

**WHEREAS**, Emigrant Funding Corporation ("Emigrant") is the holder of a Commercial Real Estate Mortgage Note (the "Note") dated July 20, 2006 given by Kensington Realty Group (the "Debtor") in the principal amount of $950,000.00 (the "Emigrant Mortgage Loan"); and

**WHEREAS**, the Note is secured by a Commercial Mortgage given by the Debtor on the real properties located at 109 Amersfort Place, Brooklyn, New York (the "Amersfort Property") and 2408 Clarendon Road, Brooklyn, New York (the "Clarendon Property" and collectively with the Amersfort Property, the "Properties"); and

**WHEREAS,** Victoria Stennett ("Stennett"), the Debtor's principal, personally guaranteed the Emigrant Mortgage Loan (the "Guaranty");

**WHEREAS**, pursuant to the terms of the Note, monthly payments are to be made to Emigrant and the Debtor defaulted on the November 1, 2010 payment due under the Note and on each payment due thereafter and as a result of the Debtor's default, on July 14, 2011, Emigrant

1

commenced a foreclosure action in the Supreme Court of the State of New York, County of Suffolk under Index No. 15896/2011 (the "Foreclosure Action") to foreclose upon its Mortgage against the Properties; and

**WHEREAS**, by Order dated July 31, 2014, the State Court entered an Order Appointing Receiver (the "Receiver Order") in the State Foreclosure Action and said Receiver only manages the Clarendon Property; and

**WHEREAS**, on June 27, 2022, Emigrant obtained a Judgment of Foreclosure and Sale (the "Foreclosure Judgment") and an auction of the Properties was thereafter scheduled for November 10, 2022; and

**WHEREAS**, on November 10, 2022 (the "Filing Date"), the Debtor filed a petition with the Clerk of this Court under Chapter 11 of the Bankruptcy Code; and

**WHEREAS**, the Debtor is in the business of ownership and management of the two Properties, the Clarendon Property which is a 16 unit residential building and the Amersfort Property which is a two family home that has not been occupied for some 14 years as a result of a fire that occurred in 2008; and

**WHEREAS**, Emigrant has a current lien on the Properties pursuant to the Emigrant Mortgage Loan in excess of $5,009,023.62; and

**WHEREAS**, on or about January 12, 2023, Emigrant moved by motion for the dismissal of the Debtor's Chapter 11 bankruptcy proceeding, or in the alternative, relief from the automatic stay (the "Dismissal Motion"); and

**WHEREAS**, the parties have expressed their desire to resolve the Dismissal Motion without the need for additional Court intervention and the costs associated therewith; and

It is therefore,

**STIPULATED AND AGREED** as follows:

1. Upon execution of this Stipulation, the Debtor shall agree to the immediate entry of an Order of Dismissal of its bankruptcy proceeding with terms acceptable to the Bankruptcy Court, in order to allow Emigrant to immediately proceed with the Foreclosure Action, including the sale of the Properties.

2. Neither the Debtor, its principal, Victoria Stennett, nor any agent or affiliate of either, shall interfere in any manner or seek any delay of the sale of the Properties in the Foreclosure Action.

3. Once both Properties are sold at a foreclosure sale, the deficiency amount due to Emigrant, and for which Stennett will be liable per her personal Guaranty, shall be the outstanding amount owed under the Emigrant Mortgage Loan at the time of sale less any proceeds received from the foreclosure sale or $2,700,000, whichever is higher. By way if example, if the Outstanding balance on the Emigrant Mortgage Loan is $5,000,000 on the date of the sale and the proceeds of sale are less than $2,700,000, Stennett's liability under the guarantee will be reduced to $2,300,000.

4. Neither the Debtor, its principal, Victoria Stennett, or any agent or affiliate of either, shall object to a motion to confirm the Referee's Report of Sale, provided the deficiency amount is calculated pursuant to this Stipulation.

5. If Emigrant, or an entity associated with Emigrant, purchases the Properties at foreclosure sale, neither the Debtor, its principal, Victoria Stennett, nor any agent or affiliate of either, shall interfere or attempt to delay Emigrant's possession of the Properties.

6. None of the provisions of this Stipulation shall be modified, amended, extended, discharged, terminated, released, or waived in any way or manner except by a writing specifically

referring to this Stipulation which is signed by the party against whom enforcement is sought.

7. The Bankruptcy Court shall retain jurisdiction to hear and determine any matter arising from or relating to this Stipulation.

8. The parties have entered into this agreement voluntarily and in consultation with counsel of their choice.

9. This Stipulation may be executed in counterparts and by facsimile or electronically, with the original signatures to be provided as soon as practical thereafter.

Dated: February 27, 2023

**TERENZI & CONFUSIONE, P.C.**  **BRONSTER, LLP**
Attorneys for Emigrant Funding Corp.   *Counsel to the Debtor*

By:   *s//Ronald M. Terenzi*          By:  *s//Logan Rappaport*
    RONALD M. TERENZI, ESQ.            LOGAN RAPPAPORT, ESQ.
    401 Franklin Avenue, Suite 304        156 West 56th Street, Suite 703
    Garden City, New York 11530          New York, New York 10019
    (516) 812-4500                        (212)558-9300


    *s//Victoria Stennett*
    VICTORIA STENNETT