UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
IN RE:

KENSINGTON REALTY GROUP CORP.,    CASE NO. 22-42817-ess

                Debtor(s)    CHAPTER 11

------------------------------------------------------X

## LIMITED RESPONSE TO DEBTOR'S STIPULATION BETWEEN THE DEBTOR AND EMIGRANT FUNDING CORPORATION REGARDING DISMISSAL OF BANKRUPTCY PROCEEDING

Charles N. Persing, Subchapter V Trustee in this case (the "Trustee"), hereby responds to Debtor's Stipulation between the debtor and Emigrant Funding Corporation regarding dismissal of bankruptcy proceeding [Doc. 50] (the "Motion to Dismiss"), as follows:

1. On February 27, 2023, the Debtor filed the Motion to Dismiss. On February 28, 2023, the Court scheduled a hearing on the Motion to Dismiss for March 23, 2023.

2. On February 23, 2023, the Trustee filed his Fee Application [Doc. 49] (the "Fee Application"). The Fee Application requests approval of $9,482.50 in fees and seeks approval to apply a $1,000.00 deposit the Debtor previously paid to the Trustee, which the Trustee deposited on January 30, 2023.

3. Parties have until March 23, 2023 to respond to the Fee Application.

4. The Trustee does not oppose the Motion to Dismiss, but the Trustee requests that dismissal be contingent to the payment of any allowed fees awarded to the Subchapter V Trustee. While Debtor's counsel has termed this an emergency filing, this has been a 14 year legal battle with this case filing being the last ditch effort to delay the ultimate foreclosure of the properties. All parties to this case have benefited from the Motion to Dismiss, the Debtor, the Debtor's Principle and the Lender. Both the Debtor and Lenders counsels have been or will be paid some or all their fees.

5. The Debtor's plan provided that the Debtor's principal, in the plan filed at docket 47 on February 8, 2023, agreed to fund the plan with $30,000 at paragraph 1.48 to obtain most of the relief granted in the motion to dismiss.

6. The Debtor through its principal has cherry picked what administrative expenses will be paid by itself or by the debtor, including debtor counsel fees, appraisal fees.

7. The Lender contends that the rent collected and expenses paid post-petition and any remaining funds are not property of the estate. This seems improper and inequitable as selected administrative expenses are being paid, including the rent receiver's fees whose retention and fees have not been approved by or subject to review by interested parties.

8. The Trustee's fee application more that documents the services provided by the Trustee during the pendency of the case and that the Trustee has met the statutory requirements relating to the services provided for in the code.

9. Various courts have order the dismissal to be subject to payment of fees and some specifically the Subchapter V Trustee fees:

- Specifically in Trevor Lansing Combs Case No. 22-14188 filed in The District of Maryland at Greenbelt the Trustee filed a Limited Response to Debtor's Motion to Dismiss Case at Docket 82. Without a hearing Judge Lori S. Simson issued an Order Conditionally Granting Motion to Dismiss and included the relief requested by the Subchapter V Trustee to delay dismissal until the Subchapter V Trustee fees have been paid.

- In a case closer to home filed in the Southern District of New York also provides a basis that Subchapter V Trustee fees should be paid. During a hearing and from the bench, Judge Sean H. Lane, in a response to a Motion of The United States Trustee to Convert This Chapter 11 Case to a Chapter 7 Case, or, in the Alternative, to Dismiss This Chapter 11 Case filed by the UST at docket 14 in Royal Banquet Hall & Catering, LLC case No. 22-22744 advised all parties that an mechanism is needed to be in place to insure that the Subchapter V Trustee's, yet to be approved fees, are paid with the strong inference that the case would be converted as opposed to dismissed if that did not occur. My first-hand knowledge is well before the fee hearing the Debtor's Principal provided the full amount of the Subchapter V Trustee's fees to the Debtor's counsel to be held in escrow until the fees are paid. The check representing the requested fees arrived at the Trustee's before the hearing remaining un-deposited until after the fees were approved. At the fee hearing the fees were approved and the case was dismissed.

- While not a Subchapter V case, in re SlideBelts, Inc., No. 19-25064-A-11, 2020 WL 3816290 (Bankr. E.D. Cal. July 6, 2020). The debtor moved to dismiss its standard chapter 11 case to that it could obtain a Paycheck Protection Program loan and filed a second case under Subchapter V. Relying on section 349(b)(4) of the Bankruptcy Code, the court approved the dismissal on the condition that the debtor pay the fees incurred by counsel to the creditors' committee.

10. I have been advised that the following may provide a basis for the court to provide the relief requested:

- The Bankruptcy Code does not expressly authorize or contemplate structured dismissals. Even so, sections 105(a), 305(a)(1), 349(b), and 1112(b) are commonly cited as authority for the remedy. See, e.g., In re Olympic 1401 Elm Assocs., LLC, 2016 WL 4530602 (Bankr. N.D. Tex. Aug. 29, 2016); In re Naartjie Custom Kids, Inc., 534 B.R. 416 (Bankr. D. Utah 2015); see generally Amir Shachmurove, Another Way Out: Structured Dismissals in Jevic's Wake, Norton Bankr. L. Adviser (November 2015) (referencing use of sections 105, 305, 349, and 1112 as authority).

- Section 1112(b)(1) directs a bankruptcy court, on request of a party in interest and after notice and a hearing, to convert a chapter 11 case to a chapter 7 liquidation or to dismiss the chapter 11 case, "whichever is in the best interests of creditors and the estate, for cause." "Cause" is defined in section 1112(b)(4) to include, among other things, "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation" and "inability to effectuate

substantial consummation of a confirmed plan."

- Section 305(a)(1) of the Bankruptcy Code provides that a bankruptcy court may dismiss or suspend all proceedings in a bankruptcy case under any chapter if "the interests of creditors and the debtor would be better served by such dismissal or suspension." Section 305(a)(1) has traditionally been used to dismiss involuntary cases where recalcitrant creditors involved in an out-of-court restructuring file an involuntary bankruptcy petition to extract more favorable treatment from the debtor. However, the provision has also been applied to dismiss voluntary cases, albeit on a more limited basis. Because an order dismissing a case under section 305(a) may be reviewed on appeal only by a district court or a bankruptcy appellate panel, rather than by a court of appeals or the U.S. Supreme Court (see 11 U.S.C. § 305(c)), section 305(a) dismissal is an "extraordinary remedy." See In re Kennedy, 504 B.R. 815, 828 (Bankr. S.D. Miss. 2014). Section 305(a) has been cited as authority for approving a structured dismissal. See, e.g., Olympic 1401, 2016 WL 4530602, at *3; Naartjie, 534 B.R. at 425-26.

- As noted above, section 349(b) authorizes a bankruptcy court to alter the ordinary consequences of dismissal "for cause." See In re Johnson, 565 B.R. 417, 425 (Bankr. C.D. Cal. 2017) ("Although not explicitly authorized by the Bankruptcy Code, structured dismissals (under § 1112(b) and/or § 305(a)) have been found to Section 105(a) of the Bankruptcy Code provides that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. However, section 105(a) "'does not allow the bankruptcy court to override explicit mandates of other sections of the

Bankruptcy Code.'" Law v. Siegel, 134 S. Ct. 1188, 1194 (2014) (quoting Collier on Bankruptcy ("Collier") ¶ 105.01[2] (16th ed. 2013)).

11. Alternatively, and not a desired outcome, if the Court will enter an order on the Motion to Dismiss, the Trustee requests that the Court retain jurisdiction to rule on the Fee Application and address any payment/collection issues incident thereto.

Dated: Fairfield, NJ
       March 17, 2023

                                  Respectfully submitted,

By: _____
Charles N. Persing
*Subchapter V Trustee*
Bederson LLP
100 Passaic Avenue, Suite 310
Fairfield, New Jersey 07004